UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ECKSTEIN MARINE SERVICE, LLC,<br>d/b/a MARQUETTE TRANSPORTATION<br>COMPANY GULF-INLAND, LLC,<br>as owner of the M/V GOOD SHEPHERD<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 08-779-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ECKSTEIN MARINE SERVICE, LLC,<br>d/b/a MARQUETTE TRANSPORTATION<br>COMPANY GULF-INLAND, LLC,<br>as owner of the 14-foot aluminum skiff with<br>Nissan outboard motor<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 08-780-JVP-CN |

**RULING ON MOTION FOR RECONSIDERATION**

This action is before the court on a motion by limitation plaintiff, Eckstein Marine Service, LLC, for reconsideration of the court's ruling of January 29, 2009, declining to approve amended stipulations of value and bond (doc. 8).

On December 1, 2008, Eckstein Marine Service, L.L.C., filed complaints, as owner and operator of the M/V Good Shepherd, and as owner and operator of the

1

14-foot aluminum skiff with Nissan outboard motor, for exoneration from, or alternatively, limitation of liability for, claims arising out of the June 1, 2008 incident in which Kelwin Brooks drowned while attempting to pilot a skiff from shore to the M/V Good Shepherd.  Pursuant to the provisions of 46 U.S.C. § 30503, et. seq. and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, plaintiff seeks to have the court: (1) issue notice to all persons asserting claims arising out of or occurring on the subject voyage to file answers to the complaint, and (2) enjoin the commencement and further prosecution of any action or proceeding against the plaintiff or plaintiff's property with respect to any claim subject to limitation in the action (08-cv-779, doc. 1-7; 08-cv-780, doc. 1-7).

On December 4, 2008, the court declined to approve a "Stipulation of Value" filed on behalf of plaintiff because it provided no surety or other adequate security as required by Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims (doc. 3).  Plaintiff then moved to substitute Ad Interim Bonds for Stipulation of Value in place of the previously submitted Stipulations for Value (docs. 5 & 6).  That motion was denied because nothing in the record indicated that limitation plaintiff had provided security for costs as required by Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims (doc. 7).


On February 3, 2009, limitation plaintiff filed the current motion for reconsideration accompanied by a copy of a Notice of Electronic Filing demonstrating that limitation plaintiff has deposited $500.00 as security for costs ($250.00 each for 08-779 and 08-780) (doc. 8, Ex. C).[1]

Concluding that limitation plaintiff has complied with the security requirements of Rule F, the court will therefore grant the motion for reconsideration and approve the amended stipulations of value and bond.

## CONCLUSION

For the foregoing reasons, the motion by limitation plaintiff, Eckstein Marine Services, L.L.C. (doc. 8), is hereby **GRANTED**, and the motions by limitation plaintiff, Eckstein Marine Services, L.L.C, to substitute Ad Interim Bonds for Stipulation of Value in place of the previously submitted Stipulations for Value (docs. 5 & 6), are hereby **GRANTED**.

Baton Rouge, Louisiana, February 11th, 2009.

JAMES J. BRADY
U.S.D.J. for

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] The notice of electronic filing indicates that, though the transaction was entered on February 3, 2009, it was actually filed by limitation plaintiff on December 8, 2008 (doc. 8, Ex. C).